**HONG GUANG JIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 03–73269.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2008.

Filed Aug. 25, 2008.

Evangeline G. Abriel, Esquire, Marlene Bennett, Santa Clara University School of Law, Santa Clara, CA, Hong Guang Jin, C/O Kingplan, Monterey Park, CA, for Petitioner.

District Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Paul Fiorino, Esquire, Virginia

Lum, U.S. Department of Justice, for Respondent.

Before: THOMPSON and WARDLAW, Circuit Judges, and BOLTON,* District Judge.

## MEMORANDUM **

Hong Guang Jin, a citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming, without opinion, an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on an adverse credibility determination. Jin asserts past persecution on account of his opposition to China's coercive population control program—in the form of beatings for disobeying orders to take his wife to have an abortion, demotions at work and his wife's forced abortion—and a well-founded fear that, if returned to China, officials will forcibly sterilize him for unlawfully having a second child.[1] We have jurisdiction to review Jin's petition pursuant to 8 U.S.C. § 1252, and we grant the petition.[2]

██ The IJ's adverse credibility determination is not supported by substantial evidence. *See Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir.2007) ("We review

adverse credibility findings under the substantial evidence standard."). An adverse credibility determination must be based on "specific, cogent reasons" found in the record. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006) (internal quotation marks omitted). "Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). Moreover, "[s]peculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence." *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000).

The IJ relied on minor inconsistencies that do not go to the heart of Jin's claims or provide a specific and cogent reason for an adverse credibility finding, such as the discrepancy between Jin's testimony and his baptismal certificate as to the date Jin was baptized and his place of birth, as well as the omission of Jin's beating in his first asylum application. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). With respect to the birth certificate of his first child, the IJ denied Jin a reasonable opportunity to explain what the IJ perceived as an inconsistency in his testimony. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004) (finding no basis for denial of asylum when petitioner was denied a

---

* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. Jin states that Chinese officials have told him that either he or his wife must submit for sterilization.

2. Jin also claims a well-founded fear of future persecution based on his conversion to Christianity and subsequent mailing of religious literature to friends in China. Because we grant the petition on the basis of Jin's opposition to China's population control program, we do not address this separate basis for relief.

reasonable opportunity to explain perceived inconsistency).

The IJ impermissibly speculated that, contrary to Jin's testimony, a public hospital would alert the bank which employed Jin's wife about her unauthorized pregnancy. *See Ge v. Ashcroft,* 367 F.3d 1121, 1124–25 (9th Cir.2004) (finding "impermissible speculation and conjecture" when "IJ's findings rest[ed] on her speculation about what she imagined the Chinese authorities would or would not do under certain circumstances"). He also speculated about whether Jin and his wife would try to register their second unauthorized child, ignoring Jin's explanation that, otherwise, the child would not be able to obtain any government benefits, including health care and education, and assuming they would be facing the very authorities who enforce the population control program. The IJ's disbelief concerning Jin's ability to obtain a United States visa from the consulate officer without a conversation with the officer, as well as Jin's professed ignorance of the persecution of Christians in China was also speculation and conjecture.

None of the IJ's purported grounds constitutes the substantial evidence needed to support an adverse credibility finding. Absent an adverse credibility determination, we accept Jin's testimony as true. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004).

■ To be eligible for asylum, Jin must demonstrate that he is unwilling or unable to return to China "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Under § 1101(a)(42)(B), a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure, or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

Because Jin's wife was forced to undergo an abortion, and because Jin, himself, has suffered persecution on account of his opposition to China's coercive population control program, and has a well-founded fear that, if returned to China, officials will forcibly sterilize him, Jin has established asylum eligibility. *See Ge,* 367 F.3d at 1127; *Wang v. Ashcroft,* 341 F.3d 1015, 1022–23 (9th Cir.2003). "We therefore remand to the BIA, which shall, on behalf of the Attorney General, exercise discretion regarding whether to grant asylum." *Ding v. Ashcroft,* 387 F.3d 1131, 1140 (9th Cir.2004). Jin is also entitled to withholding of removal as a matter of law. *See Tang v. Gonzales,* 489 F.3d 987, 992 (9th Cir.2007); *Wang,* 341 F.3d at 1023. We remand Jin's CAT claim to allow the BIA to consider the merits of that claim in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Petition **GRANTED.**